UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESHAWN L. HUNTER, | ) | CASE NO. 5:07 CV 3551 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TED MALE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On October 9, 2007, pro se plaintiff DeShawn L. Hunter filed this action in the Summit County Court of Common Pleas against Akron Police Officer Ted Male, Akron Police Officer Michael Gilbride, and the Akron Police Department "SNUD" Division. The defendants filed a Notice of Removal on November 11, 2007. In the complaint, plaintiff alleges that the defendants committed crimes and violated his constitutional rights in the course of his arrests and prosecutions. He seeks reversal of his convictions and dismissal of his sentence with prejudice.

## *Background*

Mr. Hunter was initially arrested on September 4, 2006 by the Akron Street Narcotics Unit Detectives ("SNUD") and charged with one count of trafficking in cocaine, and one count of possession of cocaine, both fourth degree felonies. He claims that the arresting officers initiated a "Terry stop," and while conducting a pat down search, planted cocaine on him. He filed a motion to suppress the evidence. A hearing on the motion was scheduled for December 15, 2006; however, on that date, Mr. Hunter, on the advice of counsel, entered a guilty plea to the

charge of trafficking in cocaine.[1] The possession charge was dismissed pursuant to an agreement with the prosecution. Mr. Hunter was sentenced to 15 months incarceration, which was suspended under the condition that he complete 18 months of community control sanctions.

Four days after the sentencing hearing, Mr. Hunter was arrested a second time. He contends that the same officers saw him driving by "and immediately put on their siren to harass the defendant." (Compl. at 1.) He states that he feared for his safety and attempted to evade the officers. He was eventually captured by police and charged with tampering with evidence, having a weapon under disability, failure to comply with an order or signal of a police officer, and carrying a concealed weapon.[2] He was indicted by the federal government on charges of being a felon in possession of a firearm on January 17, 2007.[3] As a result of the federal indictment, the Summit County Prosecutor dismissed the state charges.

Mr. Hunter was arraigned in federal court on February 12, 2007. He entered a plea of "not guilty." Shortly thereafter, Mr. Hunter, through counsel, filed another motion to suppress. The motion was denied. He entered into a plea agreement on May 7, 2007, withdrawing his plea of "not guilty" and entering a plea of "guilty" to the charge in count I of the indictment. He was sentenced on September 5, 2005, to 77 months in prison to run consecutive to his state sentence and three years of supervised release.

Since that time, Mr. Hunter made several unsuccessful attempts to overturn his

---

[1] *See State v. Hunter*, Case No. CR 06 09 3177 (Summit Cty Ct. Com. Pl. filed Sept. 12, 2006). *See* http://www.cpclerk.co.summit.oh.us/.

[2] *See State v. Hunter*, Case No. CR 2006-12-4480 (Summit Cty Ct. Com. Pl. indictment filed Jan. 2, 2007).

[3] *See United States v. Hunter*, Case No. 5:07 CV 0040 (N.D. Ohio indictment filed Jan. 17, 2007).

federal conviction. He filed a "Motion to Quash Indictment" on September 26, 2007, which was denied. That same day, he filed a "Motion for Dismissal of Counsel and Dismissal of Conviction." That motion was also denied. He filed another "Motion to Quash Indictment" on October 11, 2007. That Motion was likewise denied.

Mr. Hunter filed the within action challenging his conviction on October 9, 2007. Specifically, he claims that the officers should be prosecuted under Ohio Revised Code §§ 2921.05 (retaliation), 2927.03 (injuring, intimidating), and 2920.11 (perjury). He indicates he is asserting civil claims for denial of due process and equal protection. He asks this court to seriously consider his pleading, reverse his convictions, and dismiss his sentences.

### *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

This court is unable to grant the relief Mr. Hunter requests. He first contends that the defendants violated Ohio criminal laws. Criminal actions in the federal courts are initiated by

3

the United States Attorney for violations of federal criminal statutes. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). This court is simply unable to grant the relief for violation of state criminal law.

Moreover, Mr. Hunter also seeks reversal of his convictions and release from prison. When a prisoner challenges "the very fact or duration of his physical imprisonment, [. . .] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.*

## *Conclusion*

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: December 28, 2007

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.